ISRAEL DUBE *vs.* EZRA DIXON *et al.*

PROVIDENCE—APRIL 19, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *School Committees. Deceit.*

Gen. Laws cap. 60, § 4, provides that: "The school committee shall locate all schoolhouses."

Declaration in an action for deceit charged that defendants, being a building committee authorized to construct a schoolhouse, falsely pretended to plaintiff, an ignorant foreigner, that they had authority to locate the schoolhouse and did so locate it, whereby the work of plaintiff had to be abandoned:—

*Held*, that the action would not lie, since plaintiff was bound to ascertain the limits of defendants' powers at his peril.

TRESPASS ON THE CASE for deceit.   Heard on demurrer to declaration, and sustained.

PER CURIAM.   This is an action of trespass on the case for deceit.   The gravamen of the charge is that the defendants, being merely a building committee authorized to construct and erect the schoolhouse referred to in *Dube* v. *Peck*, 22 R. I. 443, falsely pretended to the plaintiff, an ignorant foreigner, who believed them, that they had authority to locate the school-house, and did so locate it and caused him to begin work upon it, at a place other than that located by the school committee, so that afterwards it had to be abandoned and the work done over, to the loss and damage of the plaintiff.

Gen. Laws R. I. cap. 60, § 4, provides that:   "The school committee shall locate all schoolhouses, and shall not abandon or change the location of any without good cause."   This was the law governing school locations during the time of the commission of the acts complained of.

(1)   In *Dube* v. *Peck, Ibid*, at p. 451, it was held that this plaintiff, in dealing with the defendants as agents of a municipal corporation, was bound to ascertain the limits of their powers at his peril.

He was also bound to learn at his peril that the school committee alone had authority to locate schoolhouses.   Ignorance of these laws furnished him no excuse.   Neither is he injured by an assumption of excessive power in a case where he is bound to know its limits.

His declaration in substance charges the defendants with pretending to have the power of location; that is, with pretending to have the powers of the school committee.   That is not sufficient.   If they had taken advantage of his innocence and ignorance by falsely pretending to be the school committee, and had so deceived him to his injury, an action might lie, but that is not this case.

Demurrer sustained, and case remitted to the Common Pleas Division with direction to enter judgment for the defendants.

*Willis B. Richardson*, for plaintiff.

*Orrin L. Bosworth*, for defendants.